IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHERYL L. GARCIA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:11-CV-00898-DGK |
| TDG – METRO, L.L.C., | ) ) ) |
| Defendant. | ) |

## ORDER ON MOTIONS IN LIMINE

This case arises from Plaintiff Cheryl Garcia's claim that she fell and injured her ankle on July 15, 2008, after stepping on a deteriorated curb on Defendant TDG-Metro's property located at 5800 E. Bannister Road in Kansas City, Missouri. Now before the Court are the parties' cross motions in limine (Docs. 55 and 56).

After carefully reviewing the motions and the parties' responses, the Court rules as follows.

**A.  Defendant's motion in limine is granted in part.**

Defendant seeks to exclude evidence of four subjects from the trial: 1) the existence of Defendant's liability insurance coverage; 2) reference to any settlement offers, or lack thereof, made by Defendant; 3) evidence of any subsequent remedial measures made to repair the curb; and 4) any reference to the fact that Defendant filed a motion in limine or that the Court ruled on Defendant's motion in limine.

Plaintiff does not oppose the first, second, or fourth parts of the motion, and only opposes the third portion to the extent Defendant seeks to 1) exclude evidence of repairs that were planned, but never performed, prior to July 15, 2008, and 2) exclude pictures of the sidewalk

after it was repaired. Plaintiff suggests these pictures are admissible "to allow the jury to view where Plaintiff stepped when the curb crumbled."

Federal Rule of Evidence 407 provides that evidence of measures "taken that would have made an earlier injury or harm less likely to occur" is not admissible to prove negligence, culpable conduct, or a defect in a product or its design, but "the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." In the present case, the Court holds that documents and testimony concerning any planned repairs to the curb prior to the date of Plaintiff's fall are admissible to show Defendant's knowledge of the curb's defective condition.

Pictures taken of the sidewalk after it was repaired, however, may well be excluded under Rule 407. The Court reserves its ruling on this issue until trial, when it will have an opportunity to view the pictures in the evidentiary context in which Plaintiff seeks to introduce them. Plaintiff shall not introduce, mention, or allude to the pictures without first approaching the Court outside the presence of the jury so the Court may determine their admissibility.

**B.     Plaintiff's motion in limine is granted in part.**

Plaintiff seek to exclude discussion of two related topics from trial. Under the collateral source rule, Plaintiff seeks to exclude evidence that 1) her health insurance paid her medical bills; and 2) that she used her accrued vacation and sick pay benefits, as well as "borrowing" such benefits from other employees, so she would not lose pay for missing work.

Defendant objects to the former to the extent the Court's ruling would preclude it from offering evidence that Plaintiff's medical providers accepted less than the full amount of Plaintiff's claimed medical bills as full payment. Defendant completely objects to the latter,

2
Case 4:11-cv-00898-DGK   Document 60   Filed 11/05/12   Page 2 of 3

arguing it should be able to introduce evidence of Plaintiff's voluntary use of vacation time to demonstrate she did not incur lost wages.

With respect to the former, the Court recognizes that under Missouri law Defendant may introduce evidence of medical bills paid at a discount in order to contest Plaintiff's medical damages. The Court is also confident Defendant can do this in such a way as to not inject the issue of insurance into the trial or violate the collateral source rule. Accordingly, the Court instructs Defendant to be mindful of this concern and to confer with the Court and Plaintiff's counsel out of the jury's hearing before introducing such evidence at trial.

With respect to the latter, the Court notes that Defendant has not provided the Court with any caselaw supporting its position. Finding that evidence of Plaintiff's use of vacation time, sick leave, and leave "borrowed" from other employees is analogous to a third-party paying a plaintiff's medical bills, the Court holds this evidence of leave time is inadmissible under Missouri's collateral source rule.

**IT IS SO ORDERED.**

Date:   November 5, 2012                /s/ Greg Kays
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT